# IN THE COURT OF APPEALS OF IOWA

No. 21-0771
Filed April 27, 2022

**ROBERT COONRADT,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Winneshiek County, John J. Bauercamper, Judge.

Robert Coonradt appeals the denial of his application for postconviction relief. **AFFIRMED.**

Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee State.

Considered by May, P.J., and Schumacher and Badding, JJ.

**MAY, Presiding Judge.**

Robert Coonradt appeals the denial of his application for postconviction relief (PCR). He argues the district court erred in rejecting his claim that criminal trial counsel was ineffective in failing to litigate a motion to suppress that was filed by prior counsel. We conclude counsel was not ineffective as alleged. So we affirm.

**I. Factual Background**

Based on the results of a search warrant executed in December 2016, the State charged Coonradt with (1) possession of methamphetamine, (2) possession of a firearm by a felon, (3) possession of marijuana, (4) prohibited acts relating to maintaining a drug premises, and (5) child endangerment.[1] In February 2017, defense counsel filed a generic, one-paragraph motion to suppress, alleging only that "[t]he [S]tate did not have probable cause for believing the existence of the grounds in which the warrant was issued and therefore all evidence as a result of said warrant should be suppressed." *See* Iowa R. Crim. P. 2.12(1)(d).

The court set the motion to suppress for hearing. Then counsel moved to withdraw, citing a breakdown of the attorney-client relationship. The court granted this request and appointed new counsel. The suppression hearing and trial were then continued multiple times. Ultimately, Coonradt accepted the State's plea offer. He pled guilty to counts one, three, four, and five; and the court imposed sentence in accordance with the plea agreement. On counts one and three,

---

[1] Coonradt was charged as a habitual offender in counts one through three, and the drug possession charges in counts one and three were charged as third or subsequent offenses.

Coonradt was sentenced to consecutive terms of imprisonment not to exceed fifteen years. On counts four and five, he was sentenced to terms of imprisonment not to exceed two years, to be served concurrently with count three. The court suspended each term of imprisonment and placed Coonradt on probation for five years.

But Coonradt struggled with probation requirements. In January 2020, the local department of correctional services sought revocation of Coonradt's probation. Coonradt admitted to violating his probation, and the court revoked his probation and committed him to prison.

One day before his probation was revoked, Coonradt filed a PCR application. In his amended application, Coonradt asserted his attorney was ineffective in failing to litigate the motion to suppress filed by prior counsel and instead recommending that he accept the State's plea offer.

At the ensuing PCR trial, criminal counsel testified that he discussed the motion to suppress with Coonradt and advised that challenging the search warrant "would be a tough sell." Counsel recalled Coonradt was "interested in obtaining a favorable plea offer that would avoid a prison term." And, according to counsel, the reason the suppression hearing was continued several times was that any pending plea deals would be "off the table" if the suppression issue was submitted to the court—and then Coonradt would be looking at prison if the motion failed. However, while counsel believed the search warrant was supported by probable cause, he noted that he still had the option to pursue the motion to suppress if plea negotiations broke down. At the end of the day, though, defense counsel was able

to broker a deal involving suspended prison and probation—which was what Coonradt wanted.

In his testimony, Coonradt explained why he believed the motion to suppress would have succeeded. While the charges were pending, however, Coonradt was already in prison on unrelated charges. He would not be granted parole or work release until the charges at issue here were resolved. And Coonradt "wanted to go home," "wanted out." So when the right plea deal came along, he decided to plead guilty, because he was "in fact" guilty. With the benefit of hindsight, though, he thought counsel was ineffective in not litigating the motion to suppress.[2]

In its ruling, the PCR court found the search warrant was supported by probable cause. And the court found counsel provided adequate representation in relation to the tactics and decisions concerning pursuing the motion to suppress or pleading guilty. So the court denied Coonradt's PCR application. Coonradt now appeals.

**II. Standard of Review**

We ordinarily review the denial of a PCR application for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). Because Coonradt's claim concerns the effectiveness of criminal trial counsel, he must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential

---

[2] As the State points out, it does not appear Coonradt was dissatisfied with the outcome of the criminal proceeding until he violated his probation and was facing prison.

duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez*, 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

**III. Analysis**

Coonradt argues his counsel was ineffective in failing to litigate the motion to suppress. He claims the motion "was meritorious because the warrant application had problems with accuracy, and more importantly the nexus between the allegations and the information s[ought]."

It is true that no warrants shall issue without probable cause. U.S. Const. amend. IV; Iowa Const. art. I, § 8; *see State v. McNeal*, 867 N.W.2d 91, 99 (Iowa 2015). But in assessing the propriety of search warrants, "we do not make an independent determination of probable cause," but instead merely determine "whether the issuing judge had a substantial basis for concluding probable cause existed." *McNeal*, 867 N.W.2d at 99 (quoting *State v. Gogg*, 561 N.W.2d 360, 363 (Iowa 1997)). "[W]e draw all reasonable inferences to support the judge's finding of probable cause and give great deference to the judge's finding"—"[c]lose cases are decided in favor of upholding the validity of the warrant." *Id.* (first alteration in original) (quoting *Gogg*, 561 N.W.2d at 364). The test for probable cause to issue a search warrant is:

> [W]hether a person of reasonable prudence would believe a crime was committed on the premises to be searched or evidence of a crime could be located there. Probable cause to search requires a probability determination that (1) the items sought are connected to

criminal activity and (2) the items sought will be found in the place to be searched.

*Id.* (internal quotation marks omitted) (quoting *Gogg*, 561 N.W.2d at 363). We interpret warrant applications "in a common sense, rather than a hypertechnical, manner." *See id.* at 100 (quoting *State v. Shanahan*, 712 N.W.2d 121, 132 (Iowa 2006)).

Coonradt argues the warrant application lacked accuracy because it was largely based on unreliable information from an identified informant that lacked corroboration. He also asserts the evidence the warrant application sought to obtain was overbroad as relating to anything that could be associated with drug use or trafficking. Also, he contends some of the allegations contained in the application were foreign to the residence to be searched. Ignoring the fact that, below, Coonradt only challenged one small component of the warrant application—whether a Jeep supposedly stolen by the informant was or was not located at the residence to be searched—we proceed to his claims.

The application disclosed the named informant was arrested on December 13, 2016, while he was operating the Jeep that was reported as stolen. Two cell phones were found in the Jeep. The phones belonged to Daniel Anderson, a person who was known to share a residence with Coonradt. The informant reported he had been staying at that residence for a few days. During that stay, he repeatedly used methamphetamine with Andersen and Coonradt. The informant also reported that he had observed Coonradt sell the substance from the home, he had witnessed Andersen and Coonradt consume marijuana with two minors, and he had accompanied Andersen to buy and sell narcotics. The

informant also observed Andersen in transactions involving both firearms and methamphetamine. Law enforcement also verified Andersen had active warrants for his arrest.

Drawing all reasonable inferences in support of the probable-cause finding, we easily conclude the application would lead "a person of reasonable prudence [to] believe a crime was committed on the premises to be searched or evidence of a crime could be located there." *See id.* at 99 (citation omitted). The available information showed Coonradt and Andersen resided in the home; frequently used drugs there; and were engaged in the drug trade, which involved a flavor of unlawful firearms transactions. While some of the reported trafficking actions were foreign to the home, it would be reasonable to assume evidence of those acts was kept in the residence. *See State v. Godbersen*, 493 N.W.2d 852, 855 (Iowa 1992).

Because the warrant was supported by a substantial basis for concluding probable cause existed, pursuing the motion to suppress would have been futile. So counsel did not fail to perform an essential duty, and Coonradt was not prejudiced.

Moreover, even if the suppression issue might have presented a "close call" for the district court, "counsel had a sound tactical reason to not pursue the motion to suppress that was objectively reasonable." *See Doornink v. State*, No. 18-0429, 2019 WL 1933991, at *4 (Iowa Ct. App. May 1, 2019). Even on a close call, the risk in pursuing the motion was palpable. If unsuccessful, plea bargaining would be off the table, and any outlook for "the possibility of attaining [Coonradt's] principal goal in these proceedings, staying out of prison," would have significantly decreased in likelihood. *See id.* At the end of the day, "counsel's decision to not

roll the dice on a risky motion to suppress under the unique circumstances of this case was a professional judgment call that was not objectively unreasonable. Because the decision was reasonable under the circumstances, we find counsel did not fail to perform an essential duty." *Id.*

## IV. Conclusion

We agree with the district court that counsel was not ineffective as alleged, and we affirm the denial of Coonradt's PCR application.

**AFFIRMED.**